UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10183-RGS

INAR RAGNAR

v.

THE CLIPPER SHIP INN, et al.

MEMORANDUM AND ORDER

February 12, 2010

STEARNS, D.J.

For the reasons stated below, the plaintiff's motion for leave to proceed *in forma pauperis* is ALLOWED and this action is DISMISSED.

BACKGROUND

I.      Present Action

On February 1, 2010, Inar Ragnar, a Hurricane Katrina evacuee who relocated to Salem, Massachusetts in June of 2006, filed a self-prepared Complaint and a motion for leave to proceed in forma pauperis.  In his Complaint, Ragnar alleges that he was wrongly expelled in January of 2007 from the efficiency apartment that he was renting at the Clipper Ship Inn (the "Inn") in Salem.  He claims that the Inn and its owners overcharged him, disregarded court procedures in regards to the "eviction," and wrongly confiscated his property.  Ragnar also alleges that the police officers who effected his "eviction" from the Inn acted unlawfully in the absence of any court order.  Ragnar further asserts that his failure to pay the Inn was the fault of the Federal Emergency Management Agency's breach of its duty to provide money for housing for displaced Hurricane Katrina victims.

Ragnar purports to assert civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 against the Inn; Suzanne Sullivan, the president of the corporation doing business as the Inn; Parry Hanscom, the general manager of the Inn; Salem police officers Dunn and Gaudet, who effected the alleged eviction; the superiors of Dunn and Gaudet; the Salem Police Department; the City of Salem; and the Salem City Solicitor. Ragnar claims that the defendants violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

II.   Previous Actions

This action is not the first lawsuit brought by Ragnar concerning his expulsion from the Inn. Rather, the Complaint appears to be a much-abbreviated version of a complaint that Ragnar filed in this court on January 29, 2008. See Ragnar v. Clipper Ship Inn, C.A. No. 08-10164-WGY.[1] In this 2008 complaint – against the same defendants identified in the present action and others – Ragnar attempted to bring claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1988, arising from the same events surrounding the eviction and his subsequent unsuccessful litigation in state court against the Inn. Among the numerous exhibits Ragnar attached to the earlier complaint[2] was a January 2007 Order in the state court case, in which the court denied Ragnar's motion to reconsider dismissal of that case. The Order reads:

> January 31, 2007 - Both parties present. Upon reconsideration - dismissal entered on 1-27-07 is affirmed based upon the fact that the Clipper Ship Inn

---

[1] Courts may take judicial notice of proceedings in other relevant cases. See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004).

[2] The complaint, with the exhibits, was 257 pages long.

> is a motel and Mr Ragner [sic] is a paying guest, not a tenant and is therefore entitled to no further relief under the landlord/tenant statute.[3] The Clipper Ship Inn has stipulated in open court to safekeeping Mr. Ragner's [sic] property in Unit 26 of the Inn, subject to said Inn's exercising their rights under law re: storage fees, damages etc. Further reconsideration of the matter is denied.

Ragnar v. Clipper Ship Inn, C.A. No. 08-10164-WGY, Complaint (docket #1), Ex. 5 at 4 (Order from Ragner v. Sullivan d/b/a the Clipper Ship Inn, 200736-CV-00136 (Salem Dist. Ct., Mass., Jan. 7, 2007) (Cornetta, J.)). Ragnar also attached to the Complaint a later Order concerning his allegations that the Inn refused him access to his personal property; in this Order, the court reiterated its previous finding that Ragnar's removal from the Inn was not unlawful, and concluded that Inn had taken every reasonable step to return Ragnar's property to him. See id., Ex. 7 at 10-12 (Order from Ragner v.Sullivan d/b/a the Clipper Ship Inn, 200736-CV-00136 (Salem Dist. Ct., Mass., Mar. 7, 2007) (Cornetta, J.)).

On February 21, 2008, Judge Young entered an electronic order in Ragnar v. Clipper Ship Inn, C.A. No. 08-10164-WGY. Judge Young denied Ragnar's motion for immediate access to his former unit at the Inn and stated,

> [m]oreover, as this case appears to present no cognizable federal issue and, moreover, may well be subject to dismissal on the grounds of res judicata – Ragnar v. Sullivan, Salem Dist. Ct. 0736cv0136 (Mar. 7, 2007 (Cornetta J.) – this case will be dismissed unless, within 45 days of the date hereof, the plaintiff demonstrates good cause why the action ought not be dismissed, unless within, 45 days of the date hereof, the plaintiff demonstrates good cause why the action ought not be dismissed."

---

[3]Under Massachusetts law, "[a]n inkeeper may remove or cause to be removed from a hotel a guest or other person who: refuses or is unable to pay for accommodations or services . . . ." Mass. Gen. Laws ch. 140, § 12B. In contrast, tenants are entitled to the protections of the summary process statute. See Mass. Gen. Laws ch. 239, § 1, et seq.

Ragnar v. Clipper Ship Inn, C.A. No. 08-10164-WGY (electronic order dated Feb. 21, 2008). Although Ragnar did respond to the Show Cause Order, Judge Young concluded that the filing "failed to demonstrate any good cause why this action ought not be dismissed." Judge Young dismissed the case without requiring the defendants to respond. Id. (electronic order dated April 15, 2008). Ragnar appealed the dismissal, but, on March 16, 2009, the Court of Appeals for the First Circuit affirmed, concluding in its three-sentence order that there was "no error" in Judge Young's ruling. See Ragnar v. Clipper Ship Inn, App. No. 08-1629 (1st Cir. Mar. 16, 2009).

## DISCUSSION

I.   Motion for Leave to Proceed In Forma Pauperis

Upon review of Ragnar's motion for leave to proceed *in forma pauperis*, the court concludes that Ragnar has adequately shown that he is without income or assets to prepay the $350.00 filing fee. Accordingly, the motion is ALLOWED.

II.   Screening of the Complaint

Because Ragnar is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a court has an obligation to inquire *sua sponte* into its own subject-matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). In conducting this review, the court liberally construes the plaintiff's Complaint because he is proceeding *pro se.* See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Ragnar's claim must be dismissed for the same reason Judge Young dismissed Ragnar v. Clipper Ship Inn, C.A. No. 08-10164-WGY. "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005), quoting Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996). Here, Ragnar is attempting to relitigate the claims he raised in state court – that the Inn wrongfully evicted him and prevented him from gaining access to his property. Justice Cornetta of the Salem District Court has previously ruled that the Inn was not required to resort to summary process to remove Ragnar, and that the Inn did not wrongfully take possession of Ragnar's personal property. The doctrine of res judicata prevents Ragnar from litigating these claims – and the related claims that the police officers who assisted in removing Ragnar acted illegally – in this court.

Moreover, to the extent that Ragnar seeks to attack the state court judgment, the court is without subject-matter jurisdiction to entertain this action. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008) (stating that the Rooker-Feldman doctrine, "in broad terms, deprives the district court of subject matter jurisdiction over a final judgment of a state court"). In other words, the

doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008), quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  Although Ragnar does not, in the present Complaint, explicitly state that he challenges the state court judgment, the exhibits attached to his earlier federal case indicate that success on his current claims would require a rejection of the judgment entered by Justice Cornetta.

With the issuance of this Memorandum and Order, Ragnar will have been warned twice, by two separate judges of this court, that he cannot relitigate in federal district court claims related to his forced removal from the Inn.  The court now warns Ragnar that any further attempt to bring these claims in this court will be deemed frivolous and vexatious, and may result in the imposition of sanctions.

## ORDER

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is ALLOWED and this case is DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE